J. Chuck Gast, Appellant, v. Continental Can Company, Appellee.

370 N.W.2d 172

Filed July 12, 1985.    No. 84-732.

J. Chuck Gast, pro se.

Scott A. Burcham of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

Krivosha, C.J., Boslaugh, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

This is an appeal from the decision of the Workmen's Compensation Court on rehearing which denied compensation to appellant, J. Chuck Gast. In its order of dismissal the compensation court found that the appellant did not prove by a preponderance of the evidence that he suffered an accident on August 15, 1982, arising out of and in the course of his employment.

The record discloses that appellant, a 35-year-old male, was a quality control inspector at the Continental Can Company on the date of the alleged accident. Prior to that date, appellant, who was very physically active, had suffered at least two separate injuries to the right shoulder in athletic contests, a softball game and a football game. The appellant asserts that on August 15, 1982, while working on the job, he slipped on some grease and injured his right shoulder. It is not disputed that appellant, somewhere in the course of either his athletic or employment career, did indeed suffer a rotator cuff injury to his right shoulder, for which he underwent surgical correction procedures on two separate occasions.

Appellant asserts that shortly after the injury, he reported the accident to the nurse on duty at Continental Can Company

and that while making that report a supervisor came into the nurse's office and urged appellant to file a claim for non-work-related injuries under a group disability program because of the alleged superiority of benefits. The supervisor denies ever making such a statement, and no written record appears of a reported job-related accident until nearly a year later. Appellant did not recite the job-related accident when he was first treated at the Family Practice Clinic in Omaha, Nebraska, on examinations by two separate orthopedic surgeons, or prior to the first surgery.

Thus, the evidence in this case presented a factual dispute, and the compensation court chose to believe one version of the facts rather than the other. There is sufficient evidence which, if believed, would support the version of the facts adopted by the compensation court. This court is bound by such findings unless the factfinding is shown to be clearly wrong. Neb. Rev. Stat. § 48-185 (Reissue 1984); *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985); *Paris v. J. A. Baldwin Mfg. Co.*, 216 Neb. 151, 342 N.W.2d 198 (1984). The judgment of the Workmen's Compensation Court must therefore be affirmed.

AFFIRMED.

WHITE, J., participating on briefs.